**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-3211 & 22-3431

_____

UNITED STATES OF AMERICA

v.

CARLOS VALLEJO,
 Appellant in No. 22-3211

FRANCISCO MORALES,
 Appellant in No. 22-3431

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1:07-cr-00154-002 & 1:06-cr-00076-004)
District Judge: Honorable Noel L. Hillman

_____

Argued: September 12, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: October 13, 2023)

_____

Julie A. McGrain     **[ARGUED]**
FEDERAL PUBLIC DEFENDER'S OFFICE
800-840 Cooper Street
Suite 350
Camden, NJ 08102
        *Counsel for Appellants*

Mark E. Coyne
Jane M. Dattilo     **[ARGUED]**
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street

Room 700
Newark, NJ 07102
     *Counsel for Appellee*

—————————

OPINION*

—————————

BIBAS, *Circuit Judge*.

When defendants seek leniency, sentencing judges have ample discretion to deny their requests. Carlos Vallejo ran a drug ring. A federal jury convicted him of several drug crimes: two involved at least five kilos of powder cocaine and two involved at least fifty grams of crack. At the time, his mandatory-minimum sentence was life imprisonment. He was sentenced accordingly.

Francisco Morales also ran a drug ring. He pleaded guilty to one count of conspiring to distribute at least five kilos of powder cocaine and at least fifty grams of crack. A federal judge sentenced him to twenty-five years' imprisonment. That was a downward variance from the Sentencing Guidelines range but still above the ten-year mandatory minimum.

A few years later, the Fair Sentencing Act raised the amounts of crack cocaine required to trigger various mandatory minima. Pub. L. No. 111-220, §2, 124 Stat. 2372, 2372 (2010). It also directed the Sentencing Commission to amend the Guidelines to conform to these new minima. §8. Though the Guideline changes applied to all sentences, the statutory

———————————————

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

changes applied only to sentences first imposed after the Act's passage. *See Dorsey v. United States*, 567 U.S. 260, 282 (2012).

After serving six years of his sentence, Vallejo argued that he had gone to trial only because he had not understood that he would face a mandatory life sentence. So the government offered him a deal, agreeing to a resentencing and jointly recommending a sentencing range. Vallejo accepted. So his previous sentence was vacated, and he was resentenced to twenty-two years. As for Morales, though the Fair Sentencing Act's statutory changes were prospective, some amendments to the Guidelines were retroactive. Under one such amendment, Morales's sentence was reduced from twenty-five to just under twenty-two years.

Then the First Step Act of 2018 made the Fair Sentencing Act's mandatory-minimum reductions retroactive. Pub. L. No. 115-391, §404, 132 Stat. 5194, 5222 (2018). It gave judges discretion to reduce sentences for qualifying offenses to match the new statutory sentences. §404(b). But it gave defendants only one chance to seek the benefit of the Fair Sentencing Act. §404(c).

Vallejo and Morales each sought a sentence reduction under the First Step Act. Though the Act covered their crimes, the District Court declined to reduce their sentences further. It gave two reasons: their sentences had already been reduced in accordance with the Fair Sentencing Act; and even if the court had discretion to reduce their sentences again, it would not do so on these facts.

On appeal, Vallejo and Morales argue that the court could have reduced their sentences again and that it abused its discretion by not doing so. We review the District Court's

resentencing decisions for abuse of discretion and its legal conclusions de novo. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

We need not decide whether the District Court could have reduced their sentences again. Even if it could have, it did not abuse its discretion by declining to do so. It adequately considered the sentencing factors set forth in 18 U.S.C. §3553(a): It noted that the bottom of each defendant's Guidelines range stayed the same. Though each defendant had worked to rehabilitate himself in prison and posed a lower risk of recidivism, the sentencing judge had already accounted for the decreasing risk of recidivism over time. The court stressed that each defendant's crimes were serious, and each one's prospects were poor: Vallejo had a record of recidivism, and Morales had never worked a lawful job.

The District Court concluded that further reducing Vallejo's and Morales's sentences would create "unwarranted sentence disparities" with other similar defendants. 18 U.S.C. §3553(a)(6). That holding fits our expectation that "the First Step Act would have a minimal impact on inmates who had previously benefited via the Guidelines." *United States v. Jackson*, 964 F.3d 197, 205 (3d Cir. 2020). The court weighed each defendant's arguments and explained why it would not reduce their sentences further. Because there was no abuse of discretion, we will affirm.